UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO MOULIC, JR.,<br><br>    Petitioner,<br><br>    vs.<br><br>STATE OF CALIFORNIA, et al.<br><br>    Respondent. | Case No. CV 14-6426-ODW (KK)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |

    On August 15, 2014, Petitioner Ernesto Moulic, Jr., also known as Ernest Cardenas Cardona, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), under 28 U.S.C. § 2241. Petitioner is currently confined at Adelanto Detention Facility ("ADF"). ADF is an Immigration and Customs Enforcement ("ICE") detention facility, and Petitioner lists "DHS/ICE" as his Warden.[1] Petition ("Pet.") at 1. Petitioner challenges his California state conviction for committing a lewd act upon a child under age 14, for which he was arrested on March 19, 2010, and sentenced on October 27, 2011, to three years in prison, with 676 days of presentence custody credit. See id. at 2; People v.

---

[1] Petitioner fails to appear in California's "Inmate Locator" database. The database is available at http://inmatelocator.cdcr.ca.gov/search.aspx.

Cardenas, 2012 WL 5308055, at *4 (Cal. Ct. App. 2012).  It appears that Petitioner has already served his three-year state sentence, and that he is now in federal immigration custody.  Therefore, Petitioner is not in custody pursuant to the judgment of conviction under attack, and this Court lacks jurisdiction to consider the Petition.

"The federal habeas statute gives United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (quoting 28 U.S.C. § 2241(c); citing id. § 2254(a)).  The Supreme Court has interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Id. at 490-91 (citation omitted).  "A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction."  De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (citations omitted).  Once the petitioner has served his state sentence, even if he is then placed in federal immigration custody as a direct consequence of the state conviction, he may not attack the state conviction through a federal writ of habeas corpus.  See Resendiz v. Kovensky, 416 F.3d 952, 960-61 (9th Cir. 2005); Contreras v. Schiltgen, 122 F.3d 30, 31-32 (9th Cir. 1997).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE**, within **fourteen (14) days** of the date of this Order, why this action should not be dismissed.  Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal Form is attached for Petitioner's convenience.  The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed**

1 **without prejudice, for lack of jurisdiction, failure to prosecute, and/or failure
2 to obey court orders.**

5 DATED: August 25, 2014

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE