O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO MOULIC, JR., <br><br> Petitioner, <br><br> vs. <br><br> STATE OF CALIFORNIA, et al., <br><br> Respondent. | Case No. CV 14-6426-ODW (KK) <br><br> **MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION** |

On August 15, 2014, Petitioner Ernesto Moulic, Jr., also known as Ernest Cardenas Cardona, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), under 28 U.S.C. § 2241. Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Adelanto Detention Facility. Pet. at 1. Petitioner challenges his California state conviction for committing a lewd act upon a child under age 14 in violation of California Penal Code § 288(a), for which he was sentenced on October 27, 2011, to three years in prison, with 676 days of presentence custody credit. See id. at 2; People v. Cardenas, 2012 WL 5308055, at *4 (Cal. Ct. App. 2012).

On August 25, 2014, the Court issued an Order to Show Cause why the Petition should not be dismissed for lack of jurisdiction. Docket No. 5, at 1. The Court explained that, from the face of the Petition, it appeared that Petitioner had

already served his three-year state sentence and was in federal immigration custody pending removal.  Id. at 2.  If that was the case, Petitioner would not be "in custody pursuant to the judgment of conviction under attack," and the Court would have no jurisdiction to consider the Petition.  Id.

On September 8, 2014, Petitioner filed a Response to the Order to Show Cause.  Docket No. 10.  In his Response, Petitioner acknowledges that he has completed his state prison sentence and that he is in ICE custody on account of his state conviction.  Id. at 2.  However, Petitioner argues that his detention by ICE violates the Fifth Amendment's Double Jeopardy Clause.  Id. at 1.

The Court lacks jurisdiction to consider the Petition.  As explained in the Order to Show Cause, once a petitioner has served his state sentence, he may not attack the state conviction through a federal writ of habeas corpus, even if he has been placed in federal immigration custody as a direct consequence of the state conviction.  See Resendiz v. Kovensky, 416 F.3d 952, 960-61 (9th Cir. 2005); Contreras v. Schiltgen, 122 F.3d 30, 31-32 (9th Cir. 1997).  As for Petitioner's claim of a double jeopardy violation, "[b]ecause deportation proceedings are civil and not criminal in nature, they cannot form the basis for a double jeopardy claim." United States v. Yacoubian, 24 F.3d 1, 10 (9th Cir. 1994).

///
///
///
///
///
///
///
///
///

1 | IT IS THEREFORE ORDERED that (1) the Petition is denied, and (2) Judgment be entered summarily dismissing this action with prejudice.

DATED: September 19, 2014

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE